IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW WALLACE HUFF, )
)
      Plaintiff, )
)
vs. ) No. CIV-18-683-C
)
LINCOLN COUNTY SHERIFF'S )
OFFICE, et al., )
)
)
      Defendants. )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Reports and Recommendations ("R&Rs") entered by United States Magistrate Judge Bernard M. Jones. (Dkt. Nos. 31, 32.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to the Magistrate Judge, who entered two R&Rs[1] recommending that Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Dkt. No. 26) be granted in part and denied in part. All parties submitted timely objections, and the Court reviews the matter de novo. Also before the Court are Plaintiff's "Motion of Objection" (Dkt. No. 34) (hereafter "Objection"), Defendants' Motion to Strike (Dkt. No. 40), and Plaintiff's Motion for the Allowance of a Witness (Dkt. No. 41).

---

[1] Though the Magistrate Judge submitted two R&Rs, the objections to the R&Rs largely focus on the second R&R (Dkt. No. 32). Thus, where the Court refers to the "R&R" in this Order, it is referring to Dkt. No. 32.

I. Plaintiff's Objections

In his objections, Plaintiff largely relies on evidence that was not presented to the Magistrate Judge; in fact, Plaintiff did not even file a response to Defendants' dispositive motion. As a result, Defendants submitted their Motion to Strike, contending that Plaintiff should not be permitted to present this evidence to this Court. So before addressing the merits of his objections, the Court must decide whether it will consider any of this evidence from Plaintiff. Upon review of an objection to a magistrate judge's recommendation, "[t]he [district court] judge *may* . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (emphasis added); see Gonzales v. Qwest Commc's Corp., 160 F. App'x 688, 691 (10th Cir. 2005).

The Court finds, however, that it should not consider any additional evidence presented here that was not presented to the Magistrate Judge. As mentioned, Plaintiff failed to present *any* evidence or argument to the Magistrate Judge in response to Defendants' dispositive motion, and has yet to offer a good reason for not doing so. Plaintiff does mention in his objections that he did not "know or realize that [he] was allowed to argue against the incorrect statements" within the Special Report. (Dkt. No. 34, p. 1.) Plaintiff, however, was expressly advised otherwise by the Magistrate Judge:

> Any Defendant's reliance on materials not attached to or incorporated by reference in the Complaint and not excluded by the Court shall result in the Court's conversion of a motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d); 56. Should this occur, *Plaintiff is notified of his responsibility to present to the Court all evidence or materials pertinent to a motion for summary judgment*.

(Dkt. No. 6, p. 2) (emphasis added).

Accordingly, (1) the Court will not consider any additional evidence presented by Plaintiff that was not presented to the Magistrate Judge, (2) Plaintiff's Objection and Motion for the Allowance of a Witness will be denied, and (3) Defendants' Motion to Strike will be granted.  The Court also finds that, absent this new evidence, Plaintiff's objections fail to call into question any of the Magistrate Judge's findings.

II.     Defendants' Objections

Defendants first take issue with the Magistrate Judge's conclusion that they failed carry their initial burden of demonstrating that no disputed material fact existed regarding their failure-to-exhaust argument.  In Defendants' view, because Plaintiff failed to respond to the factual assertion (declaring that Plaintiff failed to exhaust his claims) within their summary judgment motion, this fact should be deemed admitted—thereby creating an undisputed material fact regarding exhaustion. (Dkt. No. 35, p. 3.)  But summary judgment motions, even when unrebutted, must still be properly supported.[2]  Additionally, the Court is not required to deem unrebutted factual statements admitted: "All material facts set forth in the statement of material facts of the movant *may* be deemed admitted for the purpose of summary judgment unless specifically controverted by the nonmovant using the procedures set forth in this rule."  LCvR56.1(e) (emphasis added).  Moreover, as the Magistrate Judge pointed out, the Special Report raises questions about the reliability of

---

[2] See Murray v. City of Tahlequah, Okla., 312 F.3d 1196, 1200 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.").

3

the factual statement upon which Defendants rely. (See Dkt. No. 32, p. 11; see also Dkt. No. 25, p. 7.) Thus, Defendants have failed to carry their burden here, and summary judgment will be denied on their failure-to-exhaust affirmative defense.

Defendants further object to the Magistrate Judge's treatment of the claims remaining against Defendants Lawson and Good, taking issue with the judge's application of the summary judgment standard to some of the claims, while applying the 12(b)(6) standard to others. (Dkt. No. 35, p. 5.) Yet, upon review of Defendants' briefing, they failed to clarify which arguments were being offered under any particular theory—leaving the Magistrate Judge in the position of deciphering this. (See generally Dkt. No. 26.) Additionally, Defendants' arguments surrounding the denial of medical care claims against Defendants Lawson and Good use language more commonly associated with the 12(b)(6) standard than the summary judgment one. (See id. at 26-30.) Accordingly, the Court will not disturb the Magistrate Judge's findings here. The Court further finds that Defendants have failed to raise a meritorious objection regarding the denial of medical care claims against Defendants Good and Lawson, or these Defendants' entitlement to qualified immunity. In short, the Court finds that the recommendations of the Magistrate Judge should be adopted.

III. Conclusion

For these reasons, (1) the Magistrate Judge's Reports and Recommendations (Dkt. Nos. 31 & 32) are ADOPTED; (2) Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. No. 26) is GRANTED in part and DENIED in part; (3) Plaintiff's Motion of Objection (Dkt. No. 34) is DENIED; (4) Defendants' Motion to

Strike (Dkt. No. 40) is GRANTED; and (5) Plaintiff's Motion for Submission or Allowance of a Witness (Dkt. No. 41) is DENIED. The case is recommitted to Magistrate Judge Jones consistent with the original Order of Referral.

IT IS SO ORDERED this 11th day of June, 2019.

ROBIN J. CAUTHRON
United States District Judge